1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**
9              **FOR THE DISTRICT OF ARIZONA**
10

11   Clevon Townsend,                          No. CV 13-298-TUC-DCB (BPV)
12                        Petitioner,          **REPORT & RECOMMENDATION**
13   v.
14   JT Shartle,
15                        Respondent.
16
17
18          Pending before the Court is Petitioner's *pro se* Petition under 28 U.S.C. § 2241 for
19   a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1).  Respondent has filed
20   an Answer (Doc. 8).  Petitioner did not file a reply.
21          Pursuant to the Rules of Practice of this Court, this matter was referred to the
22   Magistrate Judge Charles R. Pyle for a Report and Recommendation, and was recently
23   re-referred to the undersigned Magistrate Judge for a Report and Recommendation.
24   (Docs. 14, 17). For the following reasons, the Magistrate Judge recommends that the
25   District Court, after its independent review, dismiss Petitioner's Petition without
26   prejudice.
27
28

1

2    **I.      Returned Mail**

3          Petitioner Clevon Townsend, while incarcerated at the Federal Correctional

4    Institution in Safford, Arizona, filed the instant Petition seeking relief under 28 U.S.C. §

5    2241 with regard to his sentence computation.[1]   Respondent indicates that Petitioner's

6    projected release date, after application of anticipated good conduct time sentence credits

7    is March 31, 2017.  (Doc. 8, p.2 (*citing* Doc. 8-1, ¶¶2, 4)).

8          On April 30, 2013, the Clerk of Court entered a Notice of Assignment which, *inter*

9    *alia*, warned Petitioner that he "must file a Notice of Change of Address if your address

10   changes."  (Doc. 2, p. 2).  On August 9, 2013, the Court entered an Order advising

11   Petitioner, *inter alia,* that he "must file and serve a notice of a change of address in

12   accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not

13   include a motion for other relief with a notice of change of address. Failure to comply

14   may result in dismissal of this action." (Doc. 4, p. 2).

15         On April 4, 2016, the minute order referring this matter to the undersigned

16   Magistrate Judge was mailed to Petitioner at his address of record.  (Doc. 17).  On April

17   15, 2016, that mail was returned to the Court as undeliverable because Petitioner was no

18   longer at Taft Correctional Institution.  (Doc. 18 (also indicating "unable to forward")).

19         The Federal Bureau of Prisons website indicates that Petitioner is no longer in

20   BOP custody.  *See* https://www.bop.gov/inmateloc/.

21         Petitioner has the general duty to prosecute this case. *Fidelity Philadelphia Trust*

22   *Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it

23   is the duty of a petitioner who has filed a *pro se* action to keep the Court apprised of his

24   _____

25         [1] The record reflects that since the filing of the Petition, Petitioner has been
26   transferred to Taft Correctional Institution located in Taft, California.  (*See* Doc. 3
     (Petitioner's Notice of Change of Address)).  Because Petitioner was incarcerated at the
27   Federal Correctional Institution in Arizona when he filed his Petition, this Court retains
     jurisdiction to consider the Petition. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir.
28   1990) ("jurisdiction attaches on the initial filing for habeas corpus relief, and it is not
     destroyed by a transfer of the petitioner and the accompanying custodial
     change.")(internal quotation marks & citation omitted).

1   or her current address and to comply with the Court's orders in a timely fashion. This

2   Court does not have an affirmative obligation to locate Petitioner. "A party, not the

3   district court, bears the burden of keeping the court apprised of any changes in his

4   mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Petitioner's failure

5   to keep the Court informed of his new address constitutes failure to prosecute and failure

6   to comply with the Court's orders and rules.

7       Rule 41(b) of the Federal Rules of Civil Procedure provides that an action may be

8   dismissed for "fail[ure] to prosecute or to comply with these rules or a court order...."

9   Fed.R.Civ.P. 41(b).  The U.S. Supreme Court has recognized that a federal district court

10  has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though

11  the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a

12  motion from a party.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–31, (1962); *see*

13  *also Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683,

14  689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) *sua sponte*"); *Henderson v.*

15  *Duncan*, 779 F.2d 1421 (9th Cir. 1986) (same). Moreover, in appropriate circumstances,

16  the Court may dismiss an action for failure to prosecute even without notice or hearing.

17  *Link*, 370 U.S. at 633.

18      In determining whether Petitioner's failure to prosecute warrants dismissal of his

19  case, the Court must weigh the following five factors: (1) the public's interest in

20  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

21  of prejudice to the respondents; (4) the public policy favoring disposition of cases on

22  their merits; and (5) the availability of less drastic sanctions. *Carey*, 856 F.2d at 1440.

23  "The first two of these factors favor the imposition of sanctions in most cases, while the

24  fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and

25  availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

26      Here, the first, second, and third factors favor dismissal of this case. Petitioner's

27  failure to keep the Court informed of his address supports the conclusion that he has

28  abandoned this action upon his release from prison. This conclusion is further supported

1   by the fact that in the past Petitioner did in fact submit a notice of change of address (*see*

2   Doc. 3), but did not choose do so when he left Taft Correctional Institution.  Petitioner's

3   failure to actively participate in this case prevents the case from proceeding in the

4   foreseeable future.  On these facts, further delay to the Court or to Respondent is not

5   warranted. The fourth factor, as always, weighs against dismissal. The fifth factor

6   requires the Court to consider whether a less drastic alternative is available. Petitioner has

7   received adequate warning of the potential for dismissal if he failed to keep the Court

8   apprised of his address. Additionally, without Petitioner's current address, certain

9   alternatives are bound to be futile. In the instant case, as in *Carey*, "[a]n order to show

10  cause why dismissal ... [is] not warranted or an order imposing sanctions would only find

11  itself taking a round trip tour through the United States mail." *Carey*, 856 F.2d at 1441.

12       Only one less drastic sanction is realistically available. Rule 41(b) provides that a

13  dismissal for failure to prosecute operates as an adjudication upon the merits unless the

14  court states otherwise in its order for dismissal. Fed.R.Civ.P. 41(b). In the instant case, a

15  dismissal with prejudice would be unnecessarily harsh given that this action can be

16  dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

17  Procedure. *See Halid v. DeRosa,* 2015 WL 1055971 (D. Ariz. Mar. 10, 2015) (dismissing

18  petition filed under §2241 without prejudice for failure to prosecute where petitioner

19  failed to keep court informed of his current address); *United States v. Payan*, 2010 WL

20  960999 (D. Ariz. Mar.15, 2010) (same with regard to action filed pursuant to 28 U.S.C. §

21  2255).

22  **C.    RECOMMENDATION**

23       For the foregoing reasons, the Magistrate Judge recommends that the District

24  Court, after its independent review, dismiss without prejudice Petitioner's Petition for

25  Writ of Habeas Corpus (Doc. 1) for failure to prosecute pursuant to Rule 41(b) of the

26  Federal Rules of Civil Procedure.

27       Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil

28  Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District

- 4 -

1  of Arizona, any party may serve and file written objections within **FOURTEEN (14) DAYS**

2  after being served with a copy of this Report and Recommendation. A party may respond

3  to another party's objections within **FOURTEEN (14) DAYS** after being served with a copy.

4  Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from

5  the District Court to do so. If objections are filed, the parties should use the following

6  case number: **CV 13-298-TUC-DCB**.

7        Failure to file timely objections to any factual or legal determination of the

8  Magistrate Judge may be deemed a waiver of the party's right to review.

9        Dated this 6th day of May, 2016.

10

11

12

13            Bernardo P. Velasco
          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28